### John Ray v. The City of Manchester.

Neither the rightful use by individuals of a highway, which is itself in reasonably safe and fit condition, nor their mere misconduct upon it, though such misconduct may amount to a public nuisance, will of itself constitute an " obstruction " under our statute.
Nor in such case will the town in which the highway is situate be liable to a traveller injured by reason of such use or misconduct.
And the liability of the town is not enlarged by the fact that it had notice of such use or misconduct.

CASE, for special damage happening by reason of the obstructions, insufficiency, and want of repair of a highway.

The plaintiff offered to prove, that, on the 25th day of January, 1864, he was driving his horse along Laurel Street, a public highway in Manchester; that his horse became frightened by a large number of boys with hand-sleds, sliding for sport on said street; that, in consequence, the horse ran and threw the plaintiff out of his sleigh against a post and broke his leg; that, at the same place during the winter of 1863, and in December, 1863, and January, 1864, boys, with hand-sleds, were sliding for sport, to the great obstruction and hindrance of public travel; that such obstruction was so great as to be a public nuisance, and endangered the lives and property of the public traveling over said street; that the city well knew, or ought to have known, this condition of the street, and ought to have prevented the sliding. The court rejected the evidence, and ordered a nonsuit, and the plaintiff excepted.

*Eastman & Cross*, for plaintiff.

The plaintiff claims that he is entitled to recover damages under section 1, chapter 61 of the Compiled Statutes.

In one of the streets of the city of Manchester, the public travel was obstructed and hindered for a long time, and this plaintiff was thrown from his sleigh and his leg broken in consequence of boys with hand-sleds sliding in said street for sport. It is said in *Graves* v. *Shattuck*, 35 N. H. 256 : " What would be a reasonably free passage for the public, what would be a reasonably safe and convenient road for the accommodation of the public travel in a remote, sparsely populated, rural district, might and generally would not be so in a compact city or a large and prosperous village." In *Winship* v. *Enfield*, 42 N. H. 216, Justice Sargent says : " The public have a right to require that whoever uses the highway for any purpose should make such reasonable use of it as not unreasonably to place objects there calculated to frighten horses." In this case the use was neither reasonable nor proper. The city neglected its duty in allowing such use. It is said in some of the decisions of this class of cases that leaving a carriage, or wood, or lumber within the limits of the highway for a very short time is sometimes excused from necessity. In this case the use was unreasonable, unnecessary, and continued for a long time. It was a public nuisance and endangered the lives and property of the traveling public, and the city well knew these facts. We submit, that, according to the principles of law decided in *Winship* v. *Enfield*, 42 N. H. 197, *Chamberlain* v. *En-*

*field*, 43 N. H. 360, *Graves* v. *Shattuck*, 35 N. H. 258, the city is liable for damages.   But we say further that the court should have submitted the evidence to the jury as a question of fact, whether using the street in the way alleged was an obstruction.   And to this point we cite *Hopkins* v. *Crombie*, 4 N. H. 525, and the other three cases above.referred to.

  *Parker & Johnson*, and *E. S. Cutter*, for defendant.

  BARTLETT, J.  .The construction of the terms "obstructions, insufficiency or want of repairs of any highway," used in our statute, R. S. Ch. 5701, is for the court, while the question of the existence of an obstruction within the meaning of the term as construed by the court is one of fact for the jury, if there be competent evidence tending to show such an obstruction.  *Johnson* v. *Haverhill*, 35 N. H. 74.

  In the present case the plaintiff's evidence did not tend to show any insufficiency or want of repair in the highway itself, and there must be judgment on the nonsuit, unless the use of the highway by boys in the manner stated in the case is evidence of an "obstruction" within the meaning of the term as used in our statute.   If this use of the highway was rightful it constituted no obstruction within the statute ; *Chamberlain* v. *Enfield*, 43 N. H. 356 ; *Winship* v. *English*, 42 N. H. 216 ; and if the sliding of the boys was a misuse of the highway, still we do not think it was evidence of such an obstruction.   The obstruction, contemplated by the statute, is in general one from or by reason of mere matter ; *Davis* v. *Bangor*, 42 Me. 527 ; *Keith* v. *Easton*, 2 Allen 553 ; and the incumbrances which surveyors of highways are empowered to remove by the 59th chapter of the Revised Statutes are those by inert matter ; while in the present case the obstacle to the plaintiff's passage consisted entirely in the acts which the boys were then doing. "Nothing is an obstruction which the town were not bound to have removed at the time of the injury, under the circumstances of the particular case ;" *Hubbard* v. *Concord*, 35 N. H. 68 ; *Palmer* v. *Portsmouth*, 43 N. H. 265 ; and we are aware of no provision of our law which makes it the duty of towns or highway surveyors to remove persons from the highway because of their misconduct there ; *Davis* v. *Bangor*, 42 Me. 530 ; and therefore the town cannot be held liable in the present action for such misconduct.   *Davis* v. *Bangor* ; *Young* v. *Yarmouth*, 9 Gray 386.   Nor is the case altered by the fact that this sliding was a public nuisance ; for nuisances may be committed by individuals upon a highway by its unlawful use, for which they may be liable civilly or criminally, and yet these nuisances may not amount to a defect or obstruction of the highway itself ; and although such acts may interfere with the right of passage, yet the town is not liable for them in an action like the present, if the highway as such is reasonably safe and convenient, needing neither repair nor amendment.   *Davis* v. *Bangor* ; *Vinal* v. *Dorchester*, 7 Gray, 423 ; *Hixon* v. *Lowell*, 13 Gray 63 ; *Kidder* v. *Dunstable*, 7 Gray 104 ; *Chamberlain* v. *Enfield*, 43 N. H. 363.   In the present case it is not easy to see why the

city of Manchester should be held liable because the plaintiff's passage over Laurel Street was obstructed by the improper sliding of the boys, any more than in case his travels had been stopped by an assault and battery committed upon him in the highway.

As the mere misconduct of individuals upon a highway, which itself is in reasonably safe and fit condition, or their rightful use of it, does not amount to an obstruction, for which the city is liable under the statute, the fact that such misconduct or rightful use had been known to the city will not enlarge its liability. *Davis* v. *Bangor*, 42 Me. 536.

*There must be judgment on the nonsuit.*